

Kenneth W. DiGia (KD-8129)
Epstein Becker & Green, P.C.
250 Park Avenue
New York, New York 10177
212-351-4610
Attorneys for Defendant
The Hertz Corporation

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------- x

JAMES C. GREEN,

Plaintiff,

– against –

THE HERTZ CORPORATION, INC.,

Defendant.

---------------------------------------- x

Civ. 06 CV 1761

**NOTICE OF REMOVAL**

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK:

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant The Hertz Corporation ("Hertz"), by and through its attorneys, Epstein Becker & Green, P.C., hereby gives notice of the removal of this action from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York. As reasons therefor, Hertz states as follows:

1. On February 10, 2006 Plaintiff James C. Green commenced this action by filing a Summons and Verified Complaint against Hertz in the Supreme Court of the State of New York, County of New York, Index No. 06/102015.

2. Hertz was served with a copy of the Summons and Verified Complaint on February 15, 2006. A true and correct copy of the Summons and Verified Complaint, which constitutes all process and pleadings to date, is attached as Exhibit A.

3. Plaintiff sets forth two causes of action in his Complaint. First, he alleges that he was unlawfully terminated by Hertz "based on racial and sexual orientation discrimination, by Defendant(s)." Plaintiff seeks damages in the amount of $1,000,000 therefor plus interest.

4. In his second cause of action, plaintiff asserts a claim for "negligent infliction of emotional distress as a result of the unlawful termination that was based on racial and sexual orientation discrimination, by Defendant(s)." Plaintiff likewise seeks $1,000,000 in damages therefor plus interest.

5. In his Verified Complaint plaintiff alleges that he "was and still is a resident of the County of New York and State of New York." Plaintiff resides at 299 Tenth Avenue, Apartment 5, New York, New York 10001. Upon information and belief, plaintiff continues to reside at that address and was (and is) a citizen of the State of New York at the time he filed his Summons and Verified Complaint, at the time Hertz was served with the Summons and Verified Complaint, and at the time of Hertz' filing of this Notice of Removal.

6. Defendant Hertz was (and is) incorporated under the laws of Delaware and had (and has) its principal place of business at 225 Brae Boulevard, Park Ridge, New Jersey 07656 at the time plaintiff filed his Summons and Verified Complaint, at the time Hertz was

served with the Summons and Verified Complaint, and at the time of Hertz' filing of this Notice of Removal.

7. This action is removable from the Supreme Court of the State of New York to this Court pursuant to 28 U.S.C. § 1441 because this Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), in that (a) Hertz is a citizen of Delaware and New Jersey for purposes of removal; (b) plaintiff is a citizen of New York; and (3) the matter in controversy exceeds $75,000, exclusive of interests and costs.

8. The United States District Court for the Southern District of New York embraces the place where the referenced action is pending.

9. This Notice of Removal has been filed within the time provided by 28 U.S.C. § 1446(b). Hertz has not yet answered or otherwise responded to the Summons and Verified Complaint in the State Court action, nor has its time to respond expired.

10. Upon the filing of this Notice of Removal, Hertz will give written notice to Thomas A. Farinella, Esq., 242-11 Braddock Avenue, Bellerose, New York 11426, Attorney for Plaintiff, of the removal, and will file a copy of this Notice of Removal with the Clerk of the Court, New York State Supreme Court, County of New York.

11. By filing this Notice of Removal, Hertz does not waive any defenses that might be available to it.

WHEREFORE, Hertz respectfully requests that the action now pending in the Supreme Court of the State of New York, County of New York, be removed to this Court.

New York, New York
March 6, 2006

EPSTEIN BECKER & GREEN, P.C.

By: ______________________
Kenneth W. DiGia (KD-8129)
250 Park Avenue
New York, New York 10177-0077
(212) 351-4610
Attorneys for Defendant
The Hertz Corporation

Case 1:06-cv-01761-RMB-AJP   Document 1   Filed 03/06/06   Page 5 of 13

SUPREME COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK

-----X

**JAMES C. GREEN,**

**PLAINTIFF,**

**- against -**

**THE HERTZ CORPORATION, INC.,**

**DEFENDANT(S).**

-----X

**Index Number:** 06/102015

**Date Purchased:** 2/18/2006

**Plaintiff(s) designate(s) New York County as the place of trial.**

**The basis of venue is: Plaintiff's residence.**

**SUMMONS**

**Plaintiff(s) resides(s) at**
**299 Tenth Avenue, Apt. 5**
**New York, NY 10001**

To the above named Defendant(s)

You are hereby summoned to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: February 10, 2006

**THOMAS A. FARINELLA, ESQ.**
Attorney(s) for Plaintiff(s)
Office and Post Office Address
242-11 Braddock Avenue
Bellerose, NY 11426
(917) 806-7053
(646) 349-3209

DEFENDANT'S ADDRESS:

THE HERTZ CORPORATION
900 DOREMUS AVENUE
PORT NEWARK, NJ 07114

**DOS PROCESS:**
**C/O CT CORPORATION SYSTEM**
**111 EIGHTH AVENUE**
**NEW YORK, NY 10011**

NEW YORK
COUNTY CLERK'S OFFICE

FEB 10 2006

NOT COMPARED
WITH COPY FILED

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

---------------------------------------------------------X

**JAMES C. GREEN**

**INDEX NO.:**

**PLAINTIFF(S),**

**- against -**

**VERIFIED COMPLAINT**

**THE HERTZ CORPORATION, INC.**

**DEFENDANT(S).**

---------------------------------------------------------X

Plaintiff(s), by his attorney THOMAS A. FARINELLA, ESQ., complaining of the Defendant(s) **THE HERTZ CORPORATION** , Inc., alleges as follows:

**JURISDICTION AND PARTIES**

1. At all times mentioned herein the plaintiff(s) **JAMES GREEN** was and still is a resident of the County of New York and State of New York.

2. Defendant(s) **THE HERTZ CORPORATION,** at the times relevant hereto were doing business in the State of New York.

**FIRST CAUSE OF ACTION**

3. Plaintiff has worked for Defendant as customer service agent since 1992. On February 24, 2004, Plaintiff was terminated by Defendant, purportedly as a result of Plaintiff's interaction with a customer named Barry Lansen on January 27, 2004 in Plaintiff' East 24th Street, New York location.

4. Upon information and belief, on January 26, 2004, Mr. Lansen entered the aforementioned location seeking a car rental. Plaintiff was assigned to assist Mr. Lansen.

5. Upon information and belief, Plaintiff thoroughly discussed all aspects of the resulting transaction, including insurance charges, and additional driver fee, and Mr. Lansen's responsibility for relevant taxes. Accordingly, Plaintiff prepared a rental agreement, which was signed by Mr.Lansen.

6. Upon information and belief, on January 27, 2004, Mr. Lansen returned to Defendant's East 24th Street location with the intention of completing the transaction. Upon receipt of the bill, Mr. Lansen became irate, loudly questioning the computation of the sales tax and questioning why he had not been granted a 10% discount.

7. Upon information and belief, Mr. Lansen was under the erroneous belief that such a discount would result from his use of an American Express Card to complete the transaction. In fact, use of an American Express Card allows the renter the option of selecting a larger vehicle, such as a Sports Utility Vehicle, for the price of a medium sized car.

8. Upon information and belief, as Mr. Lansen's frustration intensified, he began to verbally harass Plaintiff, claiming his status as an attorney would threaten Plaintiff's job.

9. Upon information and belief, he also made derogatory remarks regarding Defendant's poor customer service. Plaintiff attempted to calm Mr. Lansen by explaining that all charges were clearly documented in the rental service agreement, which was prepared by Plaintiff and signed by Mr. Lansen.

10. Upon information and belief, Plaintiff also explained that he did not have the authorization to make reductions to completed bills. Despite Plaintiff's efforts, Mr. Lansen tirade continued. At the point where Plaintiff became concerned for his physical safety, Plaintiff called the location manager, a Mr. Patrick Noel.

11. Unfortunately. Mr. Noel did not identify himself as a manager in front of the customer and did little to calm the situation. Mr. Noel requested assistance from Plaintiff with respect to finalizing the transaction on the computer.

12. Upon information and belief, after receiving such assistance. Mr. Noel requested that Plaintiff leave the premises.

13. Plaintiff only left the office upon the arrival of another customer, as Mr. Lansen continued to scream at and threaten Plaintiff.

14. Upon information and belief, Plaintiff was immediately handed a letter of suspension by Mr. Noel as he departed the premises.

15. Upon information and belief, following a hearing on February 11, 2004, Plaintiff was terminated.

16. Upon information and belief, the termination letter was prepared by Defendant's area manager, Chris Duvally.

17. Upon information and belief, a secondary hearing was held following a request by Plaintiff to review the matter. This action was taken despite the fact that Plaintiff followed proper employee procedures with respect to resolving disputes with customers.

18. Upon information and belief, Plaintiff's personnel profile includes several commendations for outstanding customer service.

19. Upon information and belief, Defendant has an established practice of treating purported employee infractions with less severe punishment than termination.

a) A colleague named Renee Chaney was caught reading confidential personal files and records of fellow colleagues, resulting in an initial termination, and subsequent rehiring.

b) A colleague named Monique Manning exposed herself to a customer and used profanity. She was suspended for one day.

c) Colleagues named Desiree Ramos and Valerie Thompson used profanity during an altercation with and was suspended.

d) A colleague named Sandy Arroyo Garcia used profanity at customers and upper management was not fired.

The January 27, 2004 incident was the sole cause of Plaintiff's termination.

20. Upon information and belief, the handling of the January 27, 2004 incident and subsequent termination represented the culmination of Defendant's discriminatory actions towards Plaintiff.

21. Plaintiff, an African American and a homosexual, was subjected to a series of offensive comments and innuendo throughout his tenure as an employee of Defendant.

22. Upon information and belief, in 1996, Plaintiff was called into a meeting. Defendant's manager Ellen Croke, accused fellow manager Geno Morales of having a homosexual relationship with Plaintiff.

23. Upon information and belief, a shop steward of Defendant, Debbie Lukimeyer was present throughout the 45 minute inquiry. Plaintiff did not have anything but a professional relationship with Mr. Morales.

24. Upon information and belief, in 1997, Mr. Morales physically assaulted Plaintiff, an incident captured by surveillance tape. Plaintiff complained to Debbie Lukinmeyer and another manager, Theresa Small. A regional vice president, Mr. Joe Kedd, attended as well. Mr. Morales was not terminated as a result of this action.

25. Upon information and belief, in the fall of 2000, Mr. Freddy Loriano, another shop steward in the employ of Defendant, handed Plaintiff pornographic material.

26. Upon information and belief, Mr. Loriano further approached plaintiff at the locker room of Defendant's Greenwich Village location and approached Plaintiff in a suggestive manner, grabbing his buttocks.

27. Upon information and belief, in 2002, revenue manager Debbie Patrazino made many statements with racial overtones to several employees. In particular, Ms. Patrazino commented that Plaintiff's "Afro was too high" and that she, too, should "stick her finger in an electrical outlet".

28. Upon information and belief, Ms. Patrazino also commented that Plaintiff dressed as a "pimp" while attending a lunch sponsored by Defendant.

29. Upon information and belief, Ms. Patrazino also insinuated during another conversation that she would "whip" Plaintiff in order to induce further production. Plaintiff made a written complaint to Defendant on April 5, 2002 which resulted in the transfer of Ms.Patrazino.

30. Upon information and belief, in 2003 and 2004, branch manager Ralph Montes referred to many African American and Latino employees by the names of several female music stars. Mr.Montes called plaintiff "Sade" after the pop singer. Mr.Montes continuously made references to effeminate behavior.

31. Upon information and belief, during Plaintiff's aforementioned February 11, 2004 meeting to discuss the repercussions of the January 27, 2004 incident, Area manager Chris Duvally insinuated that he sympathized with the customer's fears that Plaintiff, lived in the same neighborhood as the customer.

32. Upon information and belief, Defendant repeatedly caused, or allowed to be caused continuous harassment of Plaintiff based on his race and sexual orientation. The behavior in question was committed by authorized representatives of Defendant in managerial positions, and in direct supervision of Plaintiff. Such actions resulted in a hostile work environment.

33. Upon information and belief, Plaintiff's termination over a sole incident in which he followed proper company guidelines lends credence to the notion that Defendant retaliated against Plaintiff due his prior complaints of sexual and racial discrimination.

34. Upon information and belief, this is furthered by the fact that Defendant has failed to terminate employees in the past as the result of incidents arguably more severe than the incident leading to Plaintiff's dismissal.

35. By reason of the forgoing, Plaintiff has been actually damaged in the amount of $1, 00,000.00 (One Million Dollars) for the unlawful termination that was based on racial and sexual orientation discrimination, by Defendant(s).

**SECOND CAUSE OF ACTION**

35. Plaintiff repeats and reiterates each and every allegation set forth above as if set forth in full below.

36. Plaintiff spent twelve (12) years with the Hertz Corporation where he was consistently promoted due to his exemplary work ethic and since he lost his position he has suffered emotionally.

37. Plaintiff had invested twelve (12) years in advancing himself to an extremely respectable salary of $65,000 a year. The time spent can not be recovered and he was forced to start all of again which has affected his everyday life in a negative manor. He has become emotionally dependent on friends and suffers from the distress of his wrongful termination.

38. By reason of the forgoing, Plaintiff has been actually damaged in the amount of $1, 00,000.00 (One Million Dollars) for the negligent infliction of emotional distress as a result of the unlawful termination that was based on racial and sexual orientation discrimination, by Defendant(s).

**WHEREFORE,** Plaintiff(s) **JAMES GREEN** respectfully request that they be granted the following relief:

a. on the first cause of action, judgment against the Defendant(s) for One Million Dollars ($1,000,000), together with appropriate interest;

b. on the second cause of action, judgment against the Defendant(s) for One Million Dollars ($1,00,000), together with appropriate interest;

c. an award of the costs, disbursements and attorney's fees; and

d. such other and further relief as this Court deems just and proper.

Dated: February 10, 2006
Bellerose, NY

Respectfully submitted,

[signature]

By: Thomas A. Farinella, Esq.
Attorney for *Plaintiff*
242-11 Braddock Ave
Bellerose, NY 11426
Telephone: (917) 806-7053
Facsimile: (646) 349-3209

**VERIFICATION**

State of New York )
) ss.:
County of New York )

**THOMAS A. FARINELLA, ESQ.**, being duly sworn, deposes and says:

I am an attorney admitted to practice in the Supreme Court of New York State; that I am the attorney of record for the plaintiff in the within proceeding and I have read the foregoing Verified Complaint and know the contents thereof, the same is true to my knowledge, except as to those matters therein stated to be based upon information and belief, and as to those matters I believe them to be true.

THOMAS A. FARINELLA, ESQ.

**Index Number:**

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

------------------------------------------------------X

**JAMES C. GREEN**

**PLAINTIFF(S),**

**- against -**

**THE HERTZ CORPORATION, INC.**

**DEFENDANT(S).**

------------------------------------------------------X

---

***SUMMONS AND VERIFIED COMPLAINT***

---

***Attorney for Plaintiff:***
***Law Office of Thomas A. Farinella***
***By: Thomas A. Farinella, Esq.***
***Attorney & Counselor at Law***
***242-11 Braddock Ave.***
***Bellerose, NY 11426***
***(917) 806-7053***
***(646) 349-3209***

---

***Referred To:*** ______________________________

______________________________ ***Clerk***

***Date:***______________